## ROYAL BANK OF CANADA v. UNITED STATES.

### No. F–334.

Court of Claims.
Nov. 3, 1930.

J. Robert Sherrod, of Washington, D. C. (Miller & Chevalier, Zabriskie, Sage, Gray & Todd, and William E. Sims, all of New York City, on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

Upon motion of defendant a new trial was granted in this case and the original findings of fact and opinion published June 3, 1929, were vacated and set aside.

Plaintiff contends that it is entitled to recover the entire overpayment of $70,262.45 for the fiscal year 1918 plus interest because the commissioner rejected its claim for refund and claim for credit, although the amount of the overpayment was used to satisfy and discharge its liability for the additional assessment of $41,497.24 for the fiscal year 1917 and $28,765.21 of its tax assessed and due for the fiscal year 1923. It argues

in support of its contention that the collector may yet make demand for and require it to pay the tax for 1917 and 1923.

The position of the defendant seems to be that where there has been an overpayment of tax which has never been formally assessed the Commissioner of Internal Revenue cannot allow a claim for refund or credit thereof, and that since the overpayment here in question was not assessed by the commissioner and that since he did not formally allow a claim, no interest is payable upon the overpayment for 1918.

■ The contention of plaintiff that it is entitled to refund of the entire overpayment on the ground that it may yet be called upon to pay the tax for 1917 and 1923 is without merit, but its claim that it is entitled to interest on the overpayment is correct. Even if collection of the tax for 1917 and 1923, which was satisfied by the application of the overpayment for 1918, was not barred by the statute of limitation, there is no justification upon the facts for assuming that the collector of internal revenue will ever undertake to collect the tax for those years a second time. His records show no liability and the plaintiff has written evidence under the signature of the collector and the commissioner that those taxes had been satisfied.

There is no merit in the contention of the defendant that the commissioner cannot allow a claim for refund or a claim for credit unless there has been a formal assessment of the overpayment. It has been admitted from the beginning that plaintiff overpaid its tax for 1918. The statute requires that when there has been an overpayment of tax, the amount thereof shall be refunded or credited and the fact that overpayment came about under circumstances out of the ordinary routine procedure of the bureau with respect to the allowance of refunds and credits would not prevent the commissioner from allowing a claim in respect thereof.

We are of opinion from the facts in this case that the plaintiff's claim was allowed within the meaning of the statute. The only justification for the position that the claim was not allowed is the sentence, "Therefore, your claim will be rejected," appearing in the third paragraph of the letter of November 1, 1924, of the commissioner to the plaintiff set forth in Finding 7; but we think it is of no significance in view of the other facts showing that the commissioner upon receipt of the claim from the collector wrote the collector for information with reference to the tax for 1918, and the reply of the collector setting forth in detail the amount of assessments for 1918, the amounts of payments, and the indorsement on his books applying the overpayment for 1918 against the additional tax for 1917 and the tax for 1923, and the last paragraph of the aforementioned letter of the commissioner of November 1, 1924, which informs plaintiff of what had been done with respect to the payment of the $112,-000 for 1918. The statement that the claim would be rejected is inconsistent with what was done and was doubtless inserted by the writer of the letter because there had been no assessment of the amount of the overpayment and because the steps usually taken by the bureau in determining that there had been an overassessment and the preparation and the signing of a schedule thereof, etc., had not been taken.

■ Upon the facts we are of opinion that the credit of the overpayment for 1918 against the additional assessment for 1917 and the tax due for 1923 was allowed within the meaning of section 1019 of the revenue act of 1924 (26 USCA § 153 note) on November 1, 1924; that plaintiff is entitled to recover interest upon that portion of the overpayment in the amount of $41,497.24 credited against an additional assessment in that amount for 1917 from the date of the overpayment on March 15, 1919, to the date of the additional assessment; and that it is entitled to recover interest upon $28,765.21 of the overpayment credited against the original tax for 1923 from March 15, 1919, to the due date of such tax.

Inasmuch as the facts do not show the exact date on which the additional tax for 1917 was assessed nor the exact date on which the tax for 1923 satisfied by credit was due, judgment will be withheld and the parties will file a stipulation showing these dates and the amount of interest to which the plaintiff is entitled computed from March 15, 1919, to the dates mentioned. It is so ordered.